UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRIS DAVIS,

                  Plaintiff,                      Case No. 1:16-cv-1405

v.                                       Honorable Janet T. Neff

JAMES GALLAGHER et al.,

                  Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff, who is represented by counsel, paid the full filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Miller for failure to state a claim. The Court also will dismiss Plaintiff's Eighth Amendment and procedural due process claims against Defendant Gallagher. The Court will serve the remainder of the complaint against Defendant Gallagher.

**Discussion**

I.    Factual allegations

Plaintiff Chris Davis presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI). He sues RMI Correctional Officer James Gallagher and RMI Inspector (unknown) Miller.

On March 11, 2015, Defendant Gallagher called out to Plaintiff, saying, "Hey, Bubba, where are you going?" (Compl., ECF No. 1, PageID.2.) Plaintiff did not realize he was being addressed, as that was not his name. Gallagher then called to Plaintiff again, this time calling him "Boy" and stating that he was giving a direct order. (*Id.*) Plaintiff responded that he was going to work in the quartermaster's area and that his name was not "Bubba." (*Id.*) Plaintiff advised Gallagher that he intended to file a grievance about Gallagher's racial slurs. Gallagher then warned Plaintiff, stating, "[N]ext time I call you, you better acknowledge me, or I will put your ass in the hole boy!" (*Id.*, PageID.3.)

Later that day, as Plaintiff was leaving the lunch room, Defendant Gallagher called out to Plaintiff, "Hey, Bubba, what's that in your hand?" Plaintiff again complained about the racial slurs. Defendant Gallagher searched Plaintiff, found nothing, but placed Plaintiff in handcuffs. After Plaintiff was handcuffed, Defendant Gallagher claimed to have found drugs in Plaintiff's pocket. Gallagher wrote a misconduct ticket and took Plaintiff to segregation. Petitioner subsequently was tested for drugs in his system, and the tests came back negative.

On March 20, 2015, Plaintiff reported for a hearing on the misconduct charge, but he was advised that the hearing was adjourned. Plaintiff was not told the reason for the adjournment or when the hearing would be reconvened. On April 9, 2015, Defendant Miller met with Plaintiff

and advised him that he would only be let out of segregation if he told Miller which inmates or staff members were supplying him with drugs. Miller threatened, "[w]e are going to make you suffer in ways you can't imagine. (*Id.*, PageID.4.) Plaintiff advised Miller that he had no drugs on his person and that the misconduct ticket was false. Shortly thereafter, Miller increased Plaintiff's security level from Level II to Level IV.[1]

Plaintiff never received a hearing on the misconduct ticket and was never found guilty of a misconduct charge. Instead, the prison turned over the matter to the Ionia County prosecutor. On September 7, 2016, Plaintiff was found not guilty of the heroin charges.

Plaintiff contends that his placement in segregation and his increase in security classification violated the Eighth Amendment. In addition, he contends that Defendant Gallagher's actions in writing a false misconduct ticket and in planting the heroin violated Plaintiff's right to substantive due process. Plaintiff also alleges that, in transferring Plaintiff to a higher security level without a hearing, Defendant Miller deprived him of his liberty without due process. Plaintiff further asserts that Defendant Gallaher retaliated against him by either planting heroin on him or falsely claiming that Plaintiff had heroin, because Plaintiff threatened to file a grievance about the racial slurs. He argues that Defendant Miller retaliated against him for refusing to provide information about drug dealing in the prison. Finally, Plaintiff asserts that Defendant Gallagher maliciously prosecuted him for threatening to file a grievance.

For relief, Plaintiff seeks compensatory and punitive damages.

---

[1]In the MDOC, security classifications, from least to most secure, are as follows: Levels I, II, IV, V, and administrative segregation. MDOC Policy Directive 05.01.130 ¶ B (Oct. 10, 2011).

II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

-4-

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.        Eighth Amendment

Plaintiff complains that Defendant Gallagher violated the Eighth Amendment by

confining him to segregation and that Defendant Miller violated the Eighth Amendment by

increasing Plaintiff's security level.

The Eighth Amendment imposes a constitutional limitation on the power of the states

to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene

society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The

Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and

wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized

measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596,

600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential

food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*,

452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might

endure while incarcerated constitutes cruel and unusual punishment within the meaning of the

Eighth Amendment."  *Ivey*, 832 F.2d at 954.

Placement in segregation is a routine discomfort that is "'part of the penalty that

criminal offenders pay for their offenses against society.'"  *Hudson v. McMillian*, 503 U.S. 1, 9

(1992) (quoting *Rhodes*, 452 U.S. 337, 347 (1981); *see also Jones v. Waller*, No. 98-5739, 1999 WL

313893, at *2 (6th Cir. May 4, 1999).  Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied basic human needs and requirements.  The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation.  *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).  Plaintiff makes no such showing.  For the same reasons, mere placement in Level IV security classification, a classification less restrictive than administrative segregation, does not amount to an Eighth Amendment violation.  Finally, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury.  *See* 42 U. S. C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795.  As a result, Plaintiff fails to state an Eighth Amendment claim against Defendants.

### B.      Procedural Due Process

Plaintiff contends that Defendant Miller deprived him of his right to procedural due process when he changed his security classification level from Level II to Level IV.  He also suggests that Defendant Gallagher deprived him of his procedural due process rights in placing him in segregation without a hearing.

The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive

notice and hearing before being placed in administrative segregation.  The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life.  *Id; see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).  Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself."  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification.  *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).  The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges.  *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement).  Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a claim.

### C.    Substantive Due Process

Plaintiff next asserts that Defendant Gallagher violated his substantive due process rights by planting evidence and framing him for drug possession.  Under the Due Process Clause of the Fourteenth Amendment, states are prohibited from "depriv[ing] any person of life, liberty, or

property, without due process of law[.]"  U.S. Const. amend. XIV.  "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002).  "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used."  *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).  Framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power."  *Cale v. Johnson,* 861 F.2d 943, 950 (6th Cir.1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).  Upon initial review, the Court concludes that Plaintiff has sufficiently alleged a substantive due process claim against Defendant Gallagher.

### D.    Retaliation

Plaintiff asserts that Defendant Gallagher retaliated against him for threatening to file a grievance, by falsely accusing Plaintiff of possessing heroin.  Plaintiff also suggests that Defendant Miller retaliated against him by increasing Plaintiff's security clearance because Plaintiff refused to provide information about drug dealing within the prison.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least

in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise

of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory

conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City*

*Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Upon initial review, the Court concludes that Plaintiff has adequately alleged

sufficient facts to state a retaliation claim against Defendant Gallagher.

Plaintiff's allegations against Defendant Miller, however, fail to state a retaliation

claim.  Plaintiff's refusal to answer Defendant Miller's questions about drug dealing did not

constitute speech protected by the First Amendment.  The First Amendment ordinarily prevents the

state from "inquir[ing] about a man's views or associations solely for the purpose of withholding

a right or benefit because of what he believes." *Baird v. State Bar of Ariz.*, 401 U.S. 1, 7 (1971).

It protects both the right to speak freely and the right not to speak at all. *Wooley v. Maynard*, 430

U.S. 705, 714 (1977).  As the Supreme Court repeatedly has recognized, however, the fact of

incarceration necessarily imposes "limitations on constitutional rights, including those derived from

the First Amendment [.]" *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977).

A prisoner retains only those First Amendment rights that are not "inconsistent with his status as a

prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*,

417 U.S. 817, 822 (1974).  "[W]hen a prison regulation impinges on inmates' constitutional rights,

the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v.*

*Safley*, 482 U.S. 78, 89 (1987).

Here, Plaintiff utterly fails to allege that Defendant Miller had no legitimate penological interest in identifying the person or persons who had provided the drugs that Defendant Gallagher found on Plaintiff.  Courts routinely have held that prisoners have no First Amendment right to refuse to provide information  during an investigation.  *See Ayala v. Harden*, No. 1:12-cv-00281, 2012 WL 4981269, at *2 (E.D. Cal. Oct. 17, 2012) (holding that a prisoner's "[r]efusal to become an informant is not protected First Amendment activity"); *Clardy v. Mullens*, No. 12-cv-11153, 2012 WL 5188012, at *7 (Aug. 29, 2012) (inmate's refusal to provide information about another inmate is not protected conduct); *Canosa v. State of Hawaii*, No. 05–00791, 2007 WL 128849, at *2, 6, 10 (D. Haw. Jan. 11, 2007) (holding that "[t]he act of refusing to provide information about fellow inmates is not 'protected conduct' under the First Amendment."), *report and recommendation adopted by* 2007 WL 473679 (Feb. 8, 2007); *Bradley v. Rupert*, No. 5:05CV74, 2007 WL 2815733, at *6 (E.D. Tex.  Sept. 25, 2007) (refusal to provide information during an internal investigation is not protected conduct); *Dixon v. Gonzales*, No. 1:09–00172, 2009 WL 3416005, at *3 (E.D. Cal. Oct. 21, 2009), *report and recommendation adopted by* 2009 WL 5125612 (Dec.21, 2009).  Moreover, although Plaintiff contends that Gallagher planted the drugs or falsely stated that Plaintiff had those drugs, Plaintiff alleges no facts suggesting that Defendant Miller knew that Galllagher's report was false or joined Gallagher in his allegedly retaliatory motive.  Under these circumstances, Plaintiff was not engaged in protected conduct in refusing to answer Defendant Miller's questions about the source of his drugs.  He therefore fails to demonstrate that his placement in a higher security classification was retaliatory.

-10-

### E.    Malicious Prosecution

Plaintiff next alleges that Defendant Gallagher acted maliciously to plant evidence and have Plaintiff prosecuted for possession of heroin.  He asserts his claim both under § 1983 and under Michigan law.

In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is cognizable in an action under § 1983.  *Id.* at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) (assuming without deciding that such a claim existed)).  The *Sykes* court held that, to succeed on a malicious prosecution claim, a plaintiff must show the following elements: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor.  *Id.* at 308-09; *see also Gregory v. City of Louisville*, 444 F.3d 725, 747 (6th Cir. 725, 727 (6th Cir. 2006).  A Fourth Amendment claim for malicious prosecution does not require that a Plaintiff demonstrate that the defendant acted with malice.  *Id.* at 309-10.  In fact, under established Fourth Amendment jurisprudence, a defendant's intent is irrelevant to the analysis, which rests on a determination of reasonableness.  *Id.*

Similarly, under Michigan law, the elements which establish the tort of malicious prosecution include the following: (1) the defendant instituted a prior legal action against the plaintiff, (2) the prior action was terminated in favor of the present plaintiff, (3) the defendant lacked probable cause to bring the prior action, and (4) the defendant acted maliciously in bringing the prior

action.  *See Pauley v. Hall*, 335 N.W.2d 197, 200 (Mich. App. 1983); *Wilson v. Yono*, 237 N.W.2d 494, 496 (Mich. App. 1975).

Upon initial review, the Court concludes that Plaintiff's allegations warrant service of the malicious prosecution claims against Defendant Gallagher.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Miller will be dismissed from the action pursuant to 28 U.S.C. §1915A(b), and 42 U.S.C. § 1997e(c), because Plaintiff's allegations fail to state a claim against him.  The Court also will dismiss Plaintiff's Eighth Amendment and procedural due process claims against Defendant Gallagher.   The Court will serve the remainder of the complaint against Defendant Gallagher.

An Order consistent with this Opinion will be entered.


Dated:   December 22, 2016              /s/ Janet T. Neff                            
                                        Janet T. Neff
                                        United States District Judge