UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS DAVIS,

    Plaintiff,

v.

JAMES GALLAGHER,

    Defendant.
_____/

Case No. 1:16-cv-1405

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust administrative remedies (ECF No. 9). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that Plaintiff's retaliation and substantive due process claims be dismissed for failure to state a claim; Defendant's motion to dismiss Plaintiff's retaliation and substantive due process claims, on exhaustion grounds, be denied as moot; and Defendant's motion to dismiss Plaintiff's malicious prosecution claim be denied (ECF No. 13). The matter is presently before the Court on the parties' objections to the Report and Recommendation (ECF Nos. 14 and 15). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

### I. Plaintiff's Objections

Plaintiff objects to the Report and Recommendation, arguing that the Magistrate Judge erred in recommending his substantive due process and retaliation claims be dismissed (Pl. Obj., ECF No. 14 at PageID.113; R&R, ECF No. 13 at PageID.107-108). Plaintiff's objection is properly denied.

Plaintiff first objects to the Magistrate Judge's recommendation on procedural due process grounds, claiming the Magistrate Judge does not have the authority to review claims after an initial PLRA screening has been conducted (ECF No. 14 at PageID.113). Plaintiff further claims that he has not had the "opportunity to be heard on the issue[s]" of dismissing the substantive due process and retaliation claims (*id.*).

While the Court allowed service of Plaintiff's claims following an initial screening of his Complaint (Op. & Order, ECF Nos. 5 & 6), Plaintiff cites no authority precluding a magistrate judge from subsequently recommending dismissal of the same claims. Rather, this district's Local Rule 72.2(b) permits a magistrate judge assigned to a prisoner civil rights case to "enter such orders and conduct such proceedings in that case as are authorized by statute or rule," W.D. Mich. LCivR. 72.2(b), and, as noted by the Magistrate Judge (ECF No. 13 at PageID.105), the PLRA imposes a mandatory duty to review and dismiss any prisoner claim that fails to state a claim upon which relief may be granted. Additionally, the 14-day period in which to file objections to a report and recommendation constitutes an opportunity to be heard. *See* W.D. Mich. LCivR 72.3(b). Therefore, Plaintiff's procedural objection to the Magistrate Judge's dismissal recommendation lacks merit.

Next, as to the merits of the Magistrate Judge's recommendation to dismiss his substantive due process claim, Plaintiff argues that the Magistrate Judge cited no authority for the

recommendation and failed to consider the decision in *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988) (ECF No. 14 at PageID.113).  However, the Magistrate Judge cited several authorities, thoroughly summarizing the standard set forth in *Albright v. Oliver*, 510 U.S. 266 (1994), and specifically relying on *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001), for the conclusion that a claim for malicious prosecution must be brought pursuant to the Fourth Amendment, not the Fourteenth Amendment's substantive due process clause (ECF No. 13 at PageID.105-107). Plaintiff identifies no proposition in *Cale* that contradicts or undermines the Magistrate Judge's conclusion.  In short, Plaintiff's argument fails to demonstrate any error in the Magistrate Judge's analysis of his substantive due process claim.

Plaintiff does not likewise address the merits of the Magistrate Judge's recommendation to dismiss his retaliation claim.  Rather, Plaintiff requests additional time to "respond" to the Magistrate Judge's recommendation that the retaliation claim also be dismissed (ECF No. 14 at PageID.114).  As noted *supra*, the opportunity to file objections to a magistrate judge's report and recommendation is a party's opportunity to respond.  *See* W.D. Mich. LCivR 72.3(b).  In the event that Plaintiff needed additional time to develop his argument on the retaliation claim, Plaintiff could have moved for an extension of the deadline to file objections.  *See id.*  Alternatively, Plaintiff could have moved for leave to supplement his objections.  *See* W.D. Mich. LCivR 5.6(f). Instead, in the six months since the Magistrate Judge filed the Report and Recommendation, Plaintiff has filed no submission, and the Court determines that Plaintiff's undeveloped request contained herein warrants no additional delay in this case.

### II.     Defendant's Objection

Defendant also objects to the Magistrate Judge's Report and Recommendation.  Defendant argues that the Magistrate Judge erred in recommending this Court deny his motion to dismiss

Plaintiff's malicious prosecution claim (Def. Obj., ECF No. 15 at PageID.115). Specifically, Defendant argues that Plaintiff's failure in a later filed grievance to "indicate that [the] previously filed grievance on this issues [sic] had gone unanswered" demonstrates that "the grievance process was available and accessible to Plaintiff at all times" (*id.* at PageID.117). Defendant's argument does not reveal error in the Magistrate Judge's conclusion that he has not met his burden of establishing the affirmative defense of failure to exhaust administrative remedies. Therefore, this objection is denied.

Accordingly, this Court approves and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 14 and 15) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation and substantive due process claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 9) is DENIED AS MOOT as to Plaintiff's retaliation and substantive due process claims, and DENIED as to Plaintiff's malicious prosecution claim.

Dated: November 30, 2017        /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge