UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS DAVIS #368425,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                               Case No. 1:16-cv-1405

JAMES GALLAGHER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (ECF No. 40), and Plaintiff's Motion for Sanctions, (ECF No. 43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action against Corrections Officer James Gallagher and Inspector (unknown) Miller. The following allegations are contained in Plaintiff's complaint.

On March 11, 2015, Defendant Gallagher called out to Plaintiff, "Hey, Bubba, where are you going?" Plaintiff did not respond. Gallagher then called out to Plaintiff again, this time calling him "Boy" and stating that he was giving a direct order. Plaintiff responded that he was going to his work assignment and that his name was not "Bubba." Plaintiff advised Gallagher that he intended to file a grievance regarding Gallagher's use of racial slurs. Gallagher responded by warning Plaintiff, "[N]ext time I call you, you better acknowledge me, or I will put your ass in the hole boy!" Later that day, as Plaintiff was leaving the lunch room, Defendant

Gallagher called out to Plaintiff, "Hey, Bubba, what's that in your hand?" Plaintiff again complained about Gallagher's use of a racial slur. Gallagher subsequently handcuffed Plaintiff after which Gallagher claimed to have located drugs in Plaintiff's pocket. Gallagher issued a misconduct ticket to Plaintiff and transported him to segregation. A subsequent drug test revealed no evidence of drugs in Plaintiff's system.

On March 20, 2015, Plaintiff reported for a hearing on the misconduct charge, but he was advised that the hearing was adjourned. Plaintiff was not given a reason for the adjournment or informed when the hearing would be reconvened. On April 9, 2015, Defendant Miller informed Plaintiff that he would only be let out of segregation if he reported which inmates or staff members were supplying him with drugs. Miller also threatened Plaintiff, telling him, "[w]e are going to make you suffer in ways you can't imagine." Plaintiff reiterated to Miller that he had not been in possession of drugs and that, therefore, the misconduct ticket was false. Shortly thereafter, Miller increased Plaintiff's security level from Level II to Level IV. Plaintiff never received a hearing on the misconduct ticket and was never found guilty of the alleged misconduct charge. Instead, the prison turned over the matter to the Ionia County prosecutor who prosecuted the matter. On September 7, 2016, Plaintiff was found not guilty of the drug possession charges.

Plaintiff alleges that his placement in segregation and increase in security classification violated his Eighth Amendment rights. Plaintiff alleges that by falsely claiming he possessed heroin and issuing a false misconduct ticket, Defendant Gallagher violated his substantive due process rights. Plaintiff alleges that by increasing his security level without a hearing, Defendant Miller violated his procedural due process rights. Plaintiff claims that

Defendant Gallaher falsely charged him with possessing drugs in retaliation for Plaintiff's threat to file a grievance about Gallagher's use of racial slurs. Plaintiff also claims that Defendant Miller retaliated against him for refusing to provide information about drug dealing in the prison. Finally, Plaintiff asserts that Defendant Gallagher subjected him to malicious prosecution in violation of federal and state law. Many of Plaintiff's claims have already been dismissed. (ECF No. 5, 16). At this juncture, the only claims remaining are the malicious prosecution claims asserted against Defendant Gallagher who now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party

3

"may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the

4

evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.      Defendant's Motion for Summary Judgment

Plaintiff's malicious prosecution claim has been asserted under both federal and state law. To establish that he was subjected to malicious prosecution in violation of his Fourth Amendment rights, Plaintiff must establish the following elements: (1) a criminal prosecution was initiated against Plaintiff and Defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, Plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in Plaintiff's favor. *See Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). Plaintiff must also demonstrate that Defendant acted with "some kind of blameworthiness, something beyond mere negligence or innocent mistake." *Id.* at 655 ("even false testimony is not actionable as malicious prosecution unless deliberate - i.e., given with knowledge of, or reckless disregard for, its falsity"). A claim for malicious prosecution under Michigan law "contains largely the same elements," but also requires the plaintiff to demonstrate "that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Zavatson v. City of Warren*, 714 Fed. Appx. 512, 524 (6th Cir., Oct. 31, 2017) (citing Michigan law).

As noted above, Plaintiff was charged with possession of drugs. Plaintiff was acquitted of this charge, however, prompting the present malicious prosecution claim. Defendant asserts that he is entitled to summary judgment because: (1) he did not participate in the decision

5

to prosecute, and (2) probable cause existed to prosecute Plaintiff. The Court need not consider whether Defendant made, influenced, or participated in the decision to prosecute Plaintiff because Plaintiff has failed to establish a genuine factual dispute whether probable cause existed to prosecute him.

On November 25, 2015, a hearing was conducted in state court to determine whether there existed probable cause to charge Plaintiff with possession of drugs. (ECF No. 41 at PageID.198-203). At this hearing, the court received testimony from a Michigan State Trooper that an investigation determined that Plaintiff had been in possession of a substance which laboratory testing confirmed was heroin. (ECF No. 41 at PageID.193-96, 200-01). Based on this testimony, the court concluded that "probable cause does exist" to charge Plaintiff with drug possession. (ECF No. 41 at PageID.202).

In response to this evidence, Plaintiff asserts that "there was no probable cause for the prosecution where Defendant planted heroin on Plaintiff's person and lied about it in his report." The shortcoming in Plaintiff's argument is that he has presented no evidence to support his theory that Defendant planted drugs on his person. Plaintiff points to the fact that he was not convicted of possessing heroin, but as Defendant correctly notes, acquittal of a criminal charge hardly equates with a finding that there did not exist probable cause to initiate the prosecution in question. *See, e.g., Newman v. Township of Hamburg*, 773 F.3d 769, 773 (6th Cir. 2014). Likewise, acquittal, by itself, does not constitute evidence supporting Plaintiff's theory that heroin was planted on his person by Defendant. In sum, Plaintiff has failed to present evidence indicating a genuine factual dispute on the question whether there existed probable cause to charge

him with possession of heroin. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## II.        Plaintiff's Motion for Sanctions

Plaintiff moves the Court to impose sanctions on Defendant for pursuing the aforementioned motion for summary judgment. Plaintiff argues that sanctions are appropriate because Defendant's motion for summary judgment "is utterly frivolous and obviously brought for an improper purpose." However, as the discussion above reveals, the Court finds that Defendant's motion is meritorious. Accordingly, the undersigned recommends that Plaintiff's motion for sanctions be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Sanctions, (ECF No. 43), be **denied**, Defendant's Motion for Summary Judgment, (ECF No. 40), be **granted**, and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: September 25, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

7