UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS DAVIS,

    Plaintiff,

v.

JAMES GALLAGHER, et al.,

    Defendants.
_____/

Case No. 1:16-cv-1405

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The only claims remaining are Plaintiff's claims for malicious prosecution against Defendant Gallagher. Defendant filed a motion for summary judgment, and Plaintiff filed a motion for sanctions against Defendant. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendant's motion for summary judgment be granted, Plaintiff's motion for sanctions be denied, and this action terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 49), to which Defendant filed a response (ECF No. 50). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

As a threshold matter, Plaintiff asserts in his objections that Defendant has filed "nothing which denies Plaintiff's allegations… [or] even answered the complaint" (Pl. Obj., ECF No. 49

at PageID.254). However, per this Court's Orders (ECF Nos. 6 & 11), Defendant was expressly *not* required to file an answer or motion in response to the complaint.

On the merits of Defendant's motion, Plaintiff argues that the Magistrate Judge erred in determining that "Plaintiff failed to establish a genuine factual dispute whether probable cause existed to prosecute him" for possession of heroin (Pl. Obj., ECF No. 49 at PageID.254-255; R&R, ECF No. 47 at PageID.249). According to Plaintiff, "Defendant's having planted heroin on Plaintiff's person is the very definition of lack of probable cause" (Pl. Obj., ECF No. 49 at PageID.255). Plaintiff further opines that "Defendant's participation in the plaintiff's prosecution and the issue of probable cause are inextricably intertwined" (*id.* at PageID.256-257).

Plaintiff's argument lacks merit. As the Magistrate Judge pointed out, the state court, in binding the case over for trial, specifically concluded that probable cause existed (R&R, ECF No. 47 at PageID.249). The Magistrate Judge properly reasoned that while Plaintiff was ultimately acquitted of the charge, "acquittal of a criminal charge hardly equates with a finding that that there did not exist probable cause to initiate the prosecution in question" (*id.*). Plaintiff's objection fails to demonstrate any factual or legal error by the Magistrate Judge.

Next, Plaintiff objects to the Report and Recommendation on the basis that "the Magistrate Judge made improper credibility determinations" (Pl. Obj., ECF No. 41 at PageID.258). Plaintiff does not specifically identify any portion of the Report and Recommendation to which his objection is made but more generally asserts that the Magistrate Judge "fail[ed] to recognize that Plaintiff, even as a prisoner, stands on an equal par with Defendant prison guard" (*id.* at PageID.259). Plaintiff's argument is unfounded. The Magistrate Judge's analysis was not dependent, expressly or impliedly, on any credibility determination but on the conclusion that no

genuine issue of material fact precluded entry of summary judgment in Defendant's favor on Plaintiff's malicious prosecution claim.

Last, Plaintiff argues that "sanctions are appropriate for a frivolous summary judgment motion" and that the Magistrate Judge erred in recommending denial of his motion for sanctions (Pl. Obj., ECF No. 49 at PageID.261). However, given Plaintiff's failure to demonstrate any error in the Magistrate Judge's summary judgment analysis, his objection to the recommendation to deny his motion for sanctions is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Further, because this Opinion and Order resolves the remaining claims in this case, a Judgment will also be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 49) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 40) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 43) is DENIED.

Dated: March 8, 2019                          /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge